**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

UNITED STATES OF AMERICA                                           PLAINTIFF

v.                              CASE NO. 4:06-CR-00178 GTE

CEDRIC BERNARD BRADLEY                                             DEFENDANT

### ORDER MOTION TO SUPPRESS

The motion presently before the Court is Defendant's Motion to Suppress.

**I. Alleged Facts**

On October 18, 2005, officers contacted the occupants of a vehicle in the parking lot of the Promiseland Church after they had received a disturbance call. It is alleged that a victim called the police reporting that the driver of a Maroon Honda Accord, had pointed a gun at her on University Avenue, and the person then followed the Defendant to the Promiseland Church parking lot. Officer Steve Thomas located the Maroon Honda Accord with the Defendant in the driver's seat, and as he made contact with the Defendant, Officer Thomas observed him kicking his right heel at the right side of the driver's seat. Officer Thomas reports that he heard the sound of a gun hitting metal. Officer Thomas escorted the Defendant from the vehicle to the police unit, conducted a pat down search, and found suspected crack cocaine on the Defendant's person. The other occupants of the vehicle were removed and one was put into a patrol unit. Officer Jonathon Elizandro, another officer at the scene, located a .45 caliber Ruger on the floorboard of the vehicle where Bradley's right foot would have been. The firearm was later determined to have been stolen in another incident.

Defendant Cedric Bradley is currently charged with being a felon in possession of a firearm in violation of Title 18, United States Code, Sections 922(g).  Defendant argues that the warrantless search of the vehicle and seizure of the gun violates the Fourth Amendment because the Defendant was in custody and had been placed in the patrol car when the Accord was searched.  The Government contends that the search of the vehicle was proper as a search incident to an arrest based upon probable cause, that the officers had independent probable cause to search the vehicle, and an inventory search.  The Court held a hearing regarding the motion on January 18, 2007.

## II.  Analysis

The United States Supreme Court has held "that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. *New York v. Belton*, 453 U.S. 454, 460, 101 S. Ct. 2860, 2864 (1981).  In *United States v. McCrady*, 774 F.2d 868, 870 (8th Cir. 1985), the police arrested Mr. Schott, the defendant's live-in boyfriend, for domestic abuse.  An officer performed a patdown search of Schott, discovered a small vile of white powder in Schott's pocket, informed Schott that he was under arrest for possession of cocaine, and placed Schott in the police car.  *Id.*  The officer decided to search the vehicle for evidence of either the assault or possession of cocaine before allowing the defendant to take possession of the vehicle.  The officer noticed that the glove compartment, which was the type that had to be locked with a key, was now locked, but was unlocked when Schott removed his vehicle registration papers.  *Id.*  The officer took the keys from the ignition and asked the defendant to unlock the glove compartment.  *Id.*  The Eighth Circuit upheld the district court's finding that the search of the

passenger compartment, including the glove compartment and an envelope found in the glove compartment, immediately after Schott was arrested was incidental to and contemporaneous with an arrest, and fell within the "bright line" rule of *Belton*. *Id.* at 871-72 (citing *United States v. Cotton,* 751 F.2d 1146, 1148 (10th Cir.1985); *United States v. Collins,* 668 F.2d 819, 821 (5th Cir.1982)).

In his motion, Defendant does not dispute the legality of his arrest. While it is undisputed that at the time of the search of the vehicle Defendant was handcuffed and in a patrol unit, the Court finds that the facts in this case are analogous to those in *McCrady*. The search of the vehicle was incidental to and contemporaneous with the arrest of Defendant, and falls within the "bright line" rule of *Belton*. Therefore, Defendant's motion is denied

Alternatively, the search was proper because the officer had probable cause to search the vehicle for evidence of the gun. In *Chambers v. Maroney*, 399 U.S. 42, 47-48, 90 S. Ct. 1975, 1979 (1970), the United States Supreme Court found that there was probable cause to search a vehicle for guns and stolen money because the officers had probable cause to believe that the robbers, carrying guns and the fruits of the crime, had fled the scene in a light blue compact station wagon which would be carrying four men, one wearing a green sweater and another wearing a trench coat. The Court stated, "[i]n terms of the circumstances justifying a warrantless search, the Court has long distinguished between an automobile and a home or office," and "automobiles and other conveyances may be searched without a warrant in circumstances that would not justify the search without a warrant of a house or an office, provided that there is probable cause to believe that the car contains articles that the officers are entitled to seize." *Id*. In *United States v. Beal,* 430 F.3d 950, 954 (8th Cir. 2005), the Eighth Circuit found that because

the defendant fit the description of the battery thief, his vehicle had the same license number as described by Wal-Mart personnel, and a Wal-Mart sack was visible in the backseat, the officer had probable cause to search the vehicle for evidence of the stolen batteries.

In this case, according to the police report and testimony of Officer Elizandro, dispatch advised Officer Elizandro of the suspect vehicle information and suspect information stating that a subject black male had pointed a pistol at a complainant. The complainant followed the Defendant to the Promiseland Church parking lot, where the officers encountered the Defendant and the search took place. The complainant was yelling that the Defendant, the driver of the vehicle, had pointed a pistol at her. Furthermore, Officer Thomas states that he observed the Defendant kicking his right heel at the right side of the driver's seat and heard the sound of a gun hitting metal. Under these circumstances, the Court finds that the officer had probable cause to search the vehicle for evidence of the gun allegedly pointed at the complainant. Defendant's motion is denied.

Because the Court finds that the search was proper as a search incident to an arrest based upon probable cause and that the officers had independent probable cause to search the vehicle, the Court need not address whether the search was a proper inventory search.

Accordingly,

IT IS THEREFORE ORDERED that Defendant's Motion to Suppress be, and it is hereby, DENIED.

Dated this 13th day of February, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE